# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE ANN SANTA CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY<br>ADMINISTRATION,<br><br>Defendant. | Case No. CV 13-6000 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Debbie Ann Santa Cruz ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff contends that the Appeals Council improperly rejected evidence submitted after the issuance of the Administrative Law Judge's ("ALJ") opinion. (*See* Joint Stip. at 4-13, 17-22.)

The Court addresses, and rejects, Plaintiff's contention below.

A. <u>The Appeals Council Did Not Err in Denying Review of the ALJ's Decision</u>

Social Security regulations provide that where new and material evidence is submitted to the Appeals Council with the request for review, the entire record will

1  be evaluated. 20 C.F.R. § 404.970(b). Review of the ALJ's decision will be granted
2  where the Appeals Council finds that the ALJ's actions, findings, or conclusions are
3  contrary to the weight of the evidence. *Id.* Post-decision submissions considered by
4  the Appeals Council are part of the record on review by this Court. *Ramirez v.*
5  *Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993).

6       To be material, the new evidence must bear "directly and substantially on the
7  matter in dispute." *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (internal
8  quotation marks and citation omitted). Material evidence should relate to the period
9  on or before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970(b); *Bates v.*
10 *Sullivan*, 894 F.2d 1059, 1064 (9th Cir. 1990), *overruled in part on other grounds by*
11 *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991). The claimant must also
12 demonstrate a "reasonable possibility" that the new evidence would have changed
13 the ultimate nondisability finding. *Mayes*, 276 F.3d at 462.

14      The Court is persuaded that Dr. Melanie Kim's disability endorsement poses
15 no reasonable probability of changing the ALJ's decision.[1/] Three reasons guide this
16 determination.

17      First, to the extent that it relates to a period *after* the ALJ's November 10,
18 2011 decision, Dr. Kim's opinion is immaterial. *See Bates*, 894 F.2d at 1064; 20
19 C.F.R. § 404.970(b); (Dkt. No. 20 Ex. 1) (May 22, 2012 letter stating that Plaintiff
20 "has maintained good medication compliance "*for at least the past several months*");
21 (Dkt. No. 20 Ex. 2) (of the forty pages of treatment notes submitted by Dr. Kim, the
22 first thirty pages postdate the ALJ's decision, ranging from November 14, 2011 to
23 August 14, 2013).

---

25   [1/] Insofar as the Appeals Council may have erred by not exhibiting Dr. Kim's
26 letter, any such error is harmless because the opinion is presently before the Court.
*See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an
27 ALJ's decision on account of an error that is harmless").

1    Second, and moreover, Dr. Kim's extreme assessment is belied by the
2 *relevant* treatment notes. *See Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir.
3 1998) (ALJ properly rejected treating physician's opinion which was unsupported
4 by medical findings, personal observations, or test reports). In particular, while Dr.
5 Kim opined that Plaintiff is wholly unable to work, (*see* Dkt. No. 20 Ex. 1), on
6 January 27, 2011, she noted that Plaintiff "[d]escribe[d] good attention to child care
7 duties including taking kids to school, regular attendance at son's football practices,
8 school meetings, etc." (Dkt. No. 20 Ex. 2 at 38.) Moreover, Dr. Kim's notes
9 document a long history of medical noncompliance and poor work motivation. (*Id.*
10 at 30-40.)

11    Third, the Court finds that the weight of the evidence supports the ALJ's
12 finding that Plaintiff was not suffering from a disability as defined by the Social
13 Security Act. (*See, e.g.,* AR at 215, 240-44 (treating opinion, dated November 14,
14 2010, finding that Plaintiff should be "able to maintain attendance" and "sustain
15 focus" at work, and was likely to improve in "less than 12 months); 245-60 (state
16 agency psychiatrist evaluation, dated November 22, 2010, concluding that Plaintiff
17 needed "no assistance [with] personal affairs," was able to "understand simple
18 written and oral instructions," "focus on everyday activities," and "adopt a mild to
19 moderate workplan.").)[2]

20    Accordingly, the Appeals Counsel properly denied review of the ALJ's
21 decision.

23    Based on the foregoing, **IT IS ORDERED THAT** judgment shall be

---

[2] The Court further notes that, as to Plaintiff's subjective complaints, the ALJ properly determined that Plaintiff's prior convictions for insurance fraud and perjury "reflect adversely on her credibility." (*See* AR at 46); *Hardisty v. Astrue*, 592 F.3d 1072, 1080 (9th Cir. 2010) (finding ALJ's credibility determination substantially justified when based, among other factors, on claimant's criminal history).

3

entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: **August 20, 2014**

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

4